UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
OF TEXAS GALVESTON DIVISION

United States Courts
Southern District of ::  's
FILED

OCT - 9 2007

Michael N. Milby, Clerk u. cuut

RONALD BLOCK
    Petitioner,

v.                            Case# 3:96 CR00011-010

UNITED STATES
    Respondent

MOTION FOR JAIL TIME CREDIT
PURSUANT TO 18 U.S.C. §3585(b) AND
A REDUCTION OF SENTENCE PURSUANT
TO THE 1987 UNITED STATES FEDERAL
GUIDELINES U.S.S.G 5K2.0 & U.S.S.G
5G1.3 IN ACCORDANCE WITH
18 U.S.C. §3553(a)(1)(2)(A)(b)
TO PROVIDE JUST PUNISHMENT FOR
THE OFFENSE

NOW COMES, Ronald Block, Petitioner in the instant case at bar Reg# 46257-079 appearing through and by pro-se representation, specially and not generally and pursuant to the constitution of the United States in accordance to the laws and provision of the United States.

Movant invokes 18 U.S.C. §3583(b) for jail time credit that has not been awarded to the petitioner in case number: 396-CR-00 011-010 and U.S.S.G. 5k2.0 & U.S.S.G 5G1.3 in accordance to 18 U.S.C. §3553(a)(1)(2)(A)(b). Which provides for a just punishment for the offense for a reduction of sentence for the time the petitioner has served in state prison.

Petitioner does request that in support of this motion this

Honorable Court view this pro-se motion and the following issues with less stringent standards than lawful papers drafted by an attorney. See **US. ExRel Thompson v. Colombia/H CA Health Care Corp. V. O.R. Concepts, Inc.** 69 F3d 785 (7th Cir. 1995) **Haines v. Kerner,** 404 U.S. 519 (1972). **Hulsey v. Owens,** 63 F3d 354 (5th Cir. 1995) **Baker v. Cuomo,** 58 F3d 814 (2nd Cir. 1995).

## BACKGROUND

Petitioner Ronald Block #46257-079 plead guilty to the violations of 21 U.S.C. §841(b)(1)(A) and 21 U.S.C. 846 conspiracy to possess with intent to distribute cocaine base on August 14, 1997. The offense in the instant case was committed on or about September 13, 1996.

The Petitioner was sentenced on November 21, 1997 at sentencing the court recommended that the defendant receive credit for jail time served while pending sentencing in the instant case. Petitioner was sentenced to 160 months sentence as to case number # 3:96-CR-000111-010.

In January of 1998 Petitioner was turned over to state jurisd- R.B. iction, to face prosecution for two different sentences.

(1) Petitioner was sentenced to a 15 year sentence for a new charge.
(2) Petitioner was also given a 10 year sentence for the violation of probation. One week later after the petitioner was sentenced in state court, petitioners attorney withdrew petitioners guilty plea. State judge re-called the judgement as to the 15 years for the new charge. (B)ut left the 10 year sentence imposed [Because] the petitionrer plead guilty to Federal case number #3:96-CR-000 111-010) the state judge on the record stated in open court, that the 10 years sentence, for probation violation will remain as is, Because the Federal conviction violated state probation.

In April of 1998 the petitioner was re-sentenced to 6 years for the new state offense to run concurrent with the probation violation which was 10 years.

The Petitioner was sentenced first in the United States District

-2-

Court where the United States had original jurisdiction to a Federal indictment. Once the petitioner was sentenced the U.S. Marshals in January of 1998 released the Petitioner to the state of Texas. Federal agents arrested the petitioner on or about 9-13-1996. The Petitioner plead guilty on 8-14-1997 and was sentenced to 160 months on 11-21-1997. That caused the 10 year probation violation in the state of Texas. Petitioner was committed to the BOP on 2-3--2004. See Exhibit (A) sentence monitoring computation data sheet as of 1-25-07. No jail time credit was given to the Petitioner from the day the petitioner was arrested by Federal Agents on 9-13-1996 up until 2-3-2004 in case number (3:96-CR-00011-010.

## ISSUE 1
### MOTION FOR JAIL TIME CREDIT PURSUANT TO 18 U.S.C §3585(b) IN ACCORDANCE TO 18 U.S.C. §3553(a)(1)(2)(A) TO PROVIDE JUST PUNISHMENT FOR THE OFFENSE

**Now Comes Petitioner** in the above case asserting that on about 9-13-1996 petitioner was arrested for conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §846. The petitioner plead guilty on August 14, 1997 and then the petitioner was sentenced to 160 months on 11-21-1997.

This Honorable Court recommended the following: That the defendant receive credit for jail time served while pending sentencing in the instant case. See Judgment and Committment order. Exhibit (B). The Bureau of Prison has not given the petitioner credit for jail time credit. See Exhibit (A) Ronald Block Reg# 46257-079 Sentence monitoring computation data sheet. As of 01-25-07 on page (2) total prior credit time. The petitioner received (0) zero days jail time credit. The petitioner was held in custody in the county jail for over a year, pending a federal sentence and was not awarded said

said credit by the Bop in violation of petitioners rights. **United States v. Wilson**, 503 US 329, 117 Led 2d 593 112 Sct 1351 (1992). Federal Sentencing Credit under title 18 U.S.C. §3585(b) For certain presentence time served, held required to be computed by the US Attorney General after convicted federal defendant began to to serve sentence. Petitioner by law must receive jail time credit. In the Sentencing Reform Act of 1984 title 18 U.S.C. §3551 et seq 18 U.S.C. §§ 3551 et seq] which became affective in 1987 congress rewrote §3568 and recodified it at §3585(b) unlike its predecessors §3585(b) does not mention the Attorney General written in passive voice it states: " A defendant <u>shall</u> be given credit towards the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commence."

"(1) As a result of the offense for which the sentence was imposed: or..
(2) As a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed. "that has not been credit against another sentence.
18 U.S.C. §3585(b). **United States v. Richard Wilson**, 503 US 329 117 LEd 2d 593, 112 Sct 1351 (1992).

Petitioner prays that this Honorable Court order the B.O.P to give the petitioner credit for the time the movant has spent in custody before sentencing and after at Galveston County jail that has not been awarded to the movant over one (1) year of jail time credit.

### ISSUE II
### WHETHER THE DISTRICT COURT SHOULD CONSIDER A REDUCTION OF SENTENCE PURSUANT TO THE 1987 UNITED STATES SENTENCING GUIDELINES U.S.S.G. 5K2.0 & U.S.S.G. 5G1.3 IN ACCORDANCE TO 18 U.S.C. §3553(a)(1)(2)(A)(b) TO PROVIDE JUST PUNISHMENT FOR THE OFFENSE

**Now Comes** The petitioner asserting that he was arrested on or about 9-13-1996, for the violation of 21 U.S.C. §846.

Petitioner plead guilty on 8-14-1997 and was sentenced on the 11-21-1997. The Petitioner was released to State authorities by

-4-

US Marshals according to the BOP computation for the Petitioner, the Petitioner was committed to the BOP on 2-3-04. Petitioner hereby files this motion praying that this Honorable Court grant the Petitioner a reduction of sentence for the amount of time the Petitioner did spend in State custody for the violation of probation that was caused by the Federal conviction in the instant case at bar. Petitioner was turned over to the state of Texas, by the US Marshals on January of 1998 up until February, 3 2004. According to BOP record. Under the 1987 U.S.S.G. (U.S.S.G. 5k2.0 & U.S.S.G. 5G1.3(b) in accordance with 18 U.S.C. §3553(a)(b)(2)(A)(b). The United States district court judges are given the authority to depart from petitioner sentence imposed, to account for the time the Petitioner has spent in state prison for a crime related to the Federal arrest to provide just punishment for the offense, 18 U.S.C. §3553(a).

On the 11-21-97 U.S.D.C. judge Honorable Samuel Kent sentenced the Petitioner to 160 months imprisonment as to count one(1) of the indictment. That caused a 10 year state probation violation. Restitution was also ordered under title 18 U.S.C. 2248, 2259, 2264, 2327, 3663, 3663 A, and/or 3664. Petitioner was ordered to pay court assessment in accordance to title 18 U.S.C. 3013. And then the court remanded the Petitioner to the custody of The United States Marshal to then be delivered to the B.O.P. on or about January 1998 the U.S. Marshals turned the Petitioner over to the State of Texas to face prosecution and sentence or <u>probation violation</u> that was caused by the Federal sentence. On January 1998 the state judge sentenced the Petitioner to a 15 year sentence of

-5-

imprisonment for the new charge and also imposed a 10 year sentence, for the probation violation that was caused by the Federal sentence in the instant case. One week later from the imposition of the 15 year sentence on the new charge, the 15 year sentence and guilty plea was re-called and remanded. In April of 1998 the Petitioner was then sentenced to 6 years for the new charge to run concurrent with the 10 year sentence for probation violation. In open court and for the record the state judge stated that, the 6 years for the new charge was to run concurrent with the 10 years for probation violation and the sentence for the probation violation that was caused by the Federal conviction was affirmed as is. Because the petitioner plead guilty in federal court to a Federal charge that caused the violation of probation, for a state conviction. Because the United States having original jurisdiction after thee state sentence, as of 4-1998, that was imposed on the Petitioner the US Marshals failed to deliver the Petitioner to the BOP as ordered by the United States District Court. The US Marshals left the Petitioner in state custody from January of 1998 up until the 2-3-2004. When the Petitioner should have been committed under the Attorney General as to the judgement and committment order in case number (3:96-CR-00011-010 dated 12-22-1997.

Wherefore the Petitioner prays for a reduction of sentence for the time the petitioner served in state custody for the 10 years violation of probation that was caused from the Federal charge. The petitioner was in state custody as of 1-1998 up until 2-3-04. Petitioner asserts that under the 1987 Federal Sentencing Guidelines U.S.S.G. 5k2.0 and (U.S.S.G.) U.S.S.G. 5G1.3(b). A Federal District

Court judge, has the authority to make a downward departure from the US Sentencing Guidelines to take into account and expired state term of imprisonment that was based on the relevant conduct of the Federal offense in the instant case. The Federal arrest and guilty plea caused a 10 year probation violation in the instant case and the circuit court has stated the [commissions] inclusion may have never considered that a defendant would already have completed a sentence for the same conduct underlying his conviction. **United States v. Blackwell**, F3d 1232 (CA 7, 1995) **US v. Henderson**, 399CR 00111. Document 435 (Tx-1-18-07) State record proves that the 10 year probation violation sentence stemmed from the Federal conviction. State court judge affirmed the 10 year probation sentence, on the grounds that the petitioner plead guilty to the instant case. Case Number 3:96-CR-00011-010.

## CONCLUSION

Therefore the Petitioner prays that this Honorable court order the BOP to :

1. Give the Petitioner his jail time credit as from 9-13-1996 up until 1-1998, for the county jail time.

2. Petitioner prays that this Honorable Court run the Federal sentence in the instant case concurrent with the state 10 year sentence for the probation violation that was caused by the Federal charge in case #3:96-CR-000-11-010. In accordance to U.S.S.G. 5G1.3.(b) Which allows for prison time already served(state sentence) as a result of conduct fully taken into account in determining sentence for instant offense.

Petitioner prays for just relief and respectfully submitts this motion to this Honorable court. Petitioner prays that this Honorable court grant this motion.

Date: 2-14-07

Ronald Block
Reg# 46257-079

## CERTIFICATE OF SERVICE

I hereby certify taht an original and 2 copies of this foregoin instrument has been mailed postage-pre paid on this 2 day of Oct R.B. 2007 to the United States district Court for the southern district of Texas and one copy to the US attorney in this case.

Date 10-2-07 R.B.

R. Block
Ronald Block
Reg# 46257-079.
FCC. Yazoo City Med.
Po Box 5888
Yazoo City MS. 39194

*Exhibit (A)*

REGNO..: 46257-079 NAME: BLOCK, RONALD


------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 07-29-2005 AT BMM AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 01-06-2004
TOTAL TERM IN EFFECT............:    160 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     13 YEARS        4 MONTHS
EARLIEST DATE OF OFFENSE........: 09-13-1996

TOTAL PRIOR CREDIT TIME.........: 0
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 556
TOTAL GCT EARNED................: 81
STATUTORY RELEASE DATE PROJECTED: 10-27-2015
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 05-05-2017


PROJECTED SATISFACTION DATE.....: 10-27-2015
PROJECTED SATISFACTION METHOD...: GCT REL


G0002         MORE PAGES TO FOLLOW . . .

(2)

DEFENDANT: RONALD BLOCK
CASE NUMBER: 3:96CR00011-010

Exhibit (B)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  160  month(s)  .

**ONE HUNDRED SIXTY (160) MONTHS as to Count 1.**

☒ The court makes the following recommendations to the Bureau of Prisons:

That the defendant received credit for jail time served while pending sentencing in the instant case.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ a.m./p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy U S. Marshal

10-2-07

IN SUPPORT OF MOTION

I The Petitioner Ronald Block Reg # 46257-079 Case # 3:96 CR 00011-010 ASK that under Rule 35 that my assistance in a state murder case which I was a witness for the prosecution and assisted Homicide detectives in their investigation that resulted in the defendant Robert Parker being convicted and sentenced to 99 yrs in TDCJ, be also taken into account in the ruling of this motion. I was informed by Harris County Asst. D.A. Vic Wiesner that a letter from him will also be sent in my support. If this motion is denied I most humbly accept whatever relief for my assistance in said murder case that this Honorable Court feel is sufficient.

Respectfully,

R. Block

30 N. San Jacinto
Houston, TX. 77002

TX 770

United States District Houston, TX 770
Southern District of Texas
Clerk of Court.
601 Rosenberg, Room 411
Galveston, Tx. 77550

United States Courts
Southern District of Texas
FILED

OCT - 9 2007

Michael N. Milby, Clerk of Court

United States Courts
Southern District of Texas
FILED

OCT - 9 2007

Michael N. Milby, Clerk of Court