IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. G-96-11 (10) |
| | § | |
| RONALD BLOCK | § | |

## REPORT AND RECOMMENDATION

Before the Court is a "Motion for Jail Time Credit…and a Reduction of Sentence" filed by Ronald Block, a named Defendant in this criminal action. In his Motion, Block seeks to receive credit towards his federal sentence for time the Bureau of Prisons refuses to count or, in the alternative, a reduction of his sentence to account for the time credit pursuant to § 5G1.3 of the United States Sentencing Guidelines.

The relevant facts are as follows. Block committed his federal drug trafficking offenses while serving a sentence of 10 years probation imposed upon him by a Texas state court. Block's federal custody began with his arrest on September 13, 1996. Apparently, during the pendency of his federal prosecution the State filed a Motion to Revoke Block's probation and a detainer was placed upon him. Block pleaded guilty to his federal charges and was sentenced on November 21, 1997, to a term of imprisonment of 160 months with the recommendation he receive "credit for jail time served while pending sentence in the instant case." At some time in January 1998, Block was released to state custody. In April 1998, Block's probation was revoked on the basis of his federal convictions and he was sentenced to 10 years in prison. Block remained in state custody until February 3, 2004, when he was delivered to the Bureau of Prisons. After Block discovered

that the Bureau of Prisons refused to give him credit for the time from September 13, 1996, until February 3, 2004, he filed the instant Motion.

The Motion, as characterized by Block, is not a proper method to obtain the relief he seeks. Nevertheless, insofar as Block seeks an Order commanding the Bureau of Prisons to award him time credit, he could have a remedy under 28 U.S.C. § 2241. United States v. Gabor, 905 F.2d 76, 77 (5th Cir. 1990) (Section 2241 is the available mechanism for review of challenges to the execution of a sentence)   However, two apparent impediments preclude such relief here. First, before a federal prisoner can pursue § 2241 habeas relief, he must exhaust his administrative remedies. United States v. Wilson, 503 U.S. 327, 335-6 (1992) see also Garcia-Cruz v. United States, 270 F.Supp. 2d 353, 356 (S.D. N.Y. 2003)   Second, a § 2241 petition must be brought in the district where the Petitioner is in custody because it must name his custodian, usually the prison warden, as Respondent. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000)   Although Block was at the Harris County Jail when he filed this Motion, he is assigned to a federal correction facility in Yazoo City, Mississippi; therefore, the Southern District of Mississippi would currently be the appropriate forum for the filing of a properly exhausted § 2241 petition.

The Court notes, in passing, that the Bureau of Prisons need not give a prisoner credit for any time which has been credited against another sentence, 18 U.S.C. § 3585(b), and, in all likelihood, Block got credit against his 10 year state sentence for the time period in question.

In the alternative, Block seeks a post-sentencing adjustment of his sentence pursuant to Section 5G1.3 of the United States Sentencing Guidelines. This Motion cannot be re-characterized as a Motion for Relief under 28 U.S.C. § 2255 because it is not timely, 28 U.S.C. § 2255 (Imposing a one-year period of limitations to file the Motion) and it does not raise an issue of

jurisdictional or constitutional magnitude. United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (Application of guidelines does not give rise to a constitutional issue)   But, even if Block could properly present his claim, it is without merit. Block's claim would be controlled by Section 5G1.3(c) and Application Note 6 which mandate a consecutive sentence to any probation revocation. Although Section 5G1.3(c) is designated a "Policy Statement," at the time of Block's sentencing it and Application Note 6 had been held to impose a mandatory obligation on the District Court's guideline calculation. United States v. Alexander, 100 F.3d 24, 26 (5th Cir. 1996)   Therefore, the District Court had no ability at sentencing to fashion the relief Block now seeks retroactively.

Finally, in an Addendum to Block's Motion, he seeks relief under Rule 35 of the Federal Rules of Criminal Procedure based upon his assistance in a state murder trial. Unfortuantley, for Block, a Rule 35(b) Motion must be filed by the Government, Block may not initiate such a proceeding.

For all of the foregoing reasons, it is the **RECOMMENDATION** of this Court that the "Motion for Jail Time Credit…and a Reduction of Sentence" of Defendant/Movant Ronald Block be **DENIED**.

The United States District Clerk **SHALL** serve a copy of this Report and Recommendation to the Parties who **SHALL** have until **November 9, 2007**, to file written objections with the District Court pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections **SHALL** be electronically filed and/or mailed to the **Office of the Clerk in the Galveston Division, at P.O. Box 2300, Galveston, Texas 77553.** Failure to file written objections

to the proposed findings, conclusions and recommendations contained in this report within the allowed time **SHALL** bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.

**DONE** at Galveston, Texas, this _____23rd_____ day of October, 2007.

_____
John R. Froeschner
United States Magistrate Judge