United States Courts
Southern District of Texas
FILED

MAR 10 2008

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT

__SOUTHERN__, DISTRICT OF __TEXAS__

__GALVESTON__ DIVISION

__RONALD BLOCK__,  )
    Petitioner,  )
  )
v.  )    CASE NO. __3-96-CR00011-010__
  )
UNITED STATES OF AMERICA,  )
    Respondent.  )
  )

## MOTION FOR RESENTENCING PURSUANT TO
## 18 U.S.C. § 3582(C)(2)

TO THE HONORABLE JUDGE OF SAID COURT

COMES NOW __Ronald Block__, Petitioner, acting in pro se in the above cause numbered and would show the court as follows:

### PRELIMINARY STATEMENT

The instant Motion addresses Amendment 9 of the United States Sentencing Guidelines, promulgated by the United States Sentencing Commission, effective November 1, 2007, and its effect on the calculus to the Base Offense Level contained in 2D1.1(c)...DRUG QUANTITY TABLE, Controlled Substances and Quantity of __Crack Cocaine__.

### JURISDICTION

This Court has jurisdiction pursuant to Title 18 U.S.C. § 3582(c)(2), Title 18 U.S.C. § 3553 and U.S.S.G. § 1B1.10(a).

### ISSUE PRESENTED FOR REVIEW

I. WHETHER PETITIONER IS ELIGIBLE FOR RETROACTIVE APPLICATION OF AMENDMENT __9__...__YES__!

II. CAN PETITIONER DEMONSTRATE TO THE COURT MITIGATING FACTORS-- PURSUANT TO TITLE 18 U.S.C. § 3553(a)&(b)...__YES__!

-1-

## PROCEDURAL HISTORY

On <u>September 13, 1996</u>, Petitioner was indicted by a Federal Grand Jury for Possession and/or Conspiracy W.I.D. Crack Cocaine, In violation of 21 U.S.C. § 841(a)(1) and/or §846.

On <u>August 14, 1997</u>, Petitioner plead guilty to the charged indictment.

On <u>November 21, 1997</u>, Petitioner was sentenced to a <u>160</u> month term of imprisonment.

## ARGUMENT ISSUE NO.1

I. PETITIONER WAS ELIGIBLE FOR RETROACTIVE APPLICATION OF THE TWO-LEVEL DOWNWARD DEPARTURE CRACK COCAINE AMENDMENT.

Title 18 U.S.C. § 3582(c)(2) provides the Court with the authority to review and consider the merits of this motion. Moreover, it permits this Court to exercise it's judicial discretion to resentence the defendant if, in conjunction with the factors delineated in 18 U.S.C. 3553(a), it determines resentencing an appropriate remedy in this case.

Section 3582(c)(2) states:

> "...In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant, or the Director of the Bureau of Prisons, or in it's own motion, the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issues by the Sentencing Commission..."

Pursuant to 18 U.S.C. § 3582(c)(2) this Petitioner's sentence may be reduced to any term, including a term of confinement that is less than the original stated charges in the indictment, if such sentence is consistent with the changes in the law.

18 U.S.C. § 3553 provides for a number of factors to be considered in imposing a sentence. In the instant case, the most relevant provision is section (a)(6) which states that, "<u>The Court, in determining the particular sentence to be imposed, shall consider the need to avoid unwarranted sentence disparities among defendant's with similar records who have been found guilty of similar conduct.</u>" Consistent with this provision, similarly situated defendants now have the benefit of a two-level reduction in their existing guidelines for <u>CRACK COCAINE OFFENSES UNDER U.S.S.G. § 2D1.1(c) DRUG QUANTITY TABLE</u>.

**Amendment:**

§2D1.1.  <u>Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit these Offenses); Attempt or Conspiracy.</u>

This amendment modifies the drug quantity threshold in the Drug Quantity Table so as to assign, for crack cocaine offenses base offense levels corresponding to guideline ranges that <u>include</u> the statutory mandatory minimum penalties. Accordingly, pursuant to the amendment, 5 grams of cocaine base are assigned a base offense level of 24 (51 to 63 months at Criminal History Category I, which includes the five-year (60 month) statutory minimum for such offense). <u>Crack cocaine offenses for quantities above and below the mandatory minimum threshold quantities similarly</u> [are "adjusted downward by two level"]. The amendment also includes a mechanism to determine a combined base offense level in an offense involving crack cocaine and other controlled substances.

In the instant case, Petitioner's offense level computation was __34__, see (P.S.R.). The Court used B.O.L. __34__ to arrive at Petitioner's current term of imprisonment.

    BASE OFFENSE LEVEL............................ __34__
    ROLE IN OFFENSE ADJUSTMENT.................... __0__
    ADJUSTMENT FOR OBSTRUCTION OF JUSTICE......... __0__
    SPECIFIC OFFENSE CHARACTERISTICS INCREASE..... __0__
    ACCEPTANCE OF RESPONSABILITY.................. __-3__
    COMBINED ADJUSTED OFFENSE LEVEL............... __31__
    TOTAL OFFENSE LEVEL........................... __31__

<u>GUIDELINE PROVISIONS</u>: Based on a total offense level of __31__ and a Criminal History Catagory of __IV__, the guideline range is __151__ to __188__. Petitioner is currently serving a __160__ term of imprisonment.

### POST/BASE OFFENSE LEVEL

Based upon the U.S.S.G. Sentencing Commission passed Amendment (9) for Crack Cocaine Offenses under § 2D1.1(c) <u>DRUG QUANTITY TABLE</u>, accordingly, pursuant to the Amendment, Crack Cocaine Offenses for quantities similarly are "adjusted downward by two levels." Petitioner prays that this Court modify his term of imprisonment pursuant to Amendment 9, and U.S.S.G. Section 1B1.10 to the following:

    BASE OFFENSE LEVEL............................ __32__
    ROLE IN OFFENSE ADJUSTMENT.................... __0__
    ADJUSTMENT FOR OBSTRUCTION OF JUSTICE......... __0__
    SPECIFIC OFFENSE CHARACTERISTICS.............. __0__
    ACCEPTANCE OF RESPONSIBILITY.................. __-3__
    COMBINED ADJUSTED OFFENSE LEVEL............... __29__
    TOTAL OFFENSE LEVEL........................... __29__

<u>GUIDELINE PROVISIONS</u>: Based on a Total Combined Offense Level of __29__ and a Criminal History Catagory __IV__, the guideline range is __121__ to __151__, thus, if the Court would apply the retroactive application of amendment

## ARGUMENT ISSUE NO.2

II. THAT THE TRIAL COURT TAKE MITIGATING CIRCUMSTANCES UNDER CONSIDERATION PURSUANT TO TITLE 18 U.S.C. § 3553(A).

In the case at bar, the trial court was not able to take into account the governing statute, Title 18 U.S.C. § 3553(a).

Section 3553 (a) provides that, after considering the factors set forth in § 3553(a)(1)-(7), "a court shall impose a sentence sufficient, but not greater than necessary, to comply with the purpose [of sentencing] set forth in [18 U.S.C. § 3553(a)(2)]," 18 U.S.C. § 3553(a), those purposes being: "the need for the sentence imposed - to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A); "to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B); "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(c); and "to provide the defendant with needed education of vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D).

Pursuant to Booker, 543 U.S. 245-46(2005) this court can now "tailor" the sentence in light of [the] statutory "concerns" found in 18 U.S.C. § 3553(a), Id. at 245-46, and "take account of the Guidelines together with other sentencing goals" set forth in 18 U.S.C. § 3553(a).

The mitigating factors Petitioner submits to this Court for it's consideration are:

1) Modification of Petitioner's current sentence to the provisions set forth in Amendment 9 would serve - not subvert - the ends of justice.

2). A guideline sentence at B.O.L. 29, 121 months, would still reflect the seriousness of the crime, deter him from further crimes and protect the public from any further crimes by Petitioner.

3) Petitioner has fully paid the Court assessment fees.

4) Petitioner is participating in all educational and drug programs.

5) Petitioner has clearly demonstrated acceptance of responsibility for his offense.

6) The Sentencing Commission did not take into consideration the 100 to 1 Ratio.

## CONCLUSION

Petitioner respectfully submits sufficient mitigating factors for this Court to exercise it's judicial discretion by granting him his motion.

**WHEREFORE:** Petitioner prays this Honorable Court modify his term of confinement with 18 U.S.C. § 3582(e)(2), 18 U.S.C. § 3553(a), and U.S.S.G.

DATE 3-3-08

Respectfully Submitted,
Ronald Block

Reg.No. 46257-079
F.C.C. Yazoo (Medium)
P.O. Box 5888
Yazoo City, MS 39194

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was mailed on this 3rd day of MARCH, 2008, to U.S. Attorney SOUTHERN, District OF TEXAS, GALVESTON DIVISION, P.O. BOX 61129, HOUSTON, TX 77208.

By Ronald Block
Reg.No. 46257-079
P.O. Box 5888
Yazoo CIty, MS 39194

# Certificate of Completion

Presented To:

**Ronald Block**

Has Successfully Completed the Release Preparation Course Work at FCC Yazoo City for

**Job Search**



M. Clifton
RPP Instructor

Education Specialist

08/09/2006
Date

Supervisor of Education

RONALD BLOCK
# 46257-079 D-4
FCC YAZOO (MEDIUM)
P.O. BOX 5888
UNIT CITY, MS
39194

" LEGAL
  MAIL "

United States Courts
Southern District of Texas
FILED
MAR 10 2008
N. Milby, Clerk of Court

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

411 POST OFFICE BLVD

77550