IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER G-96-011-10 |
| | § | |
| RONALD BLOCK, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Defendant, Ronald Block, has filed a Motion for Resentencing Pursuant to 18 U.S.C. § 3582(c)(2) (Docket Entry No. 527). The United States probation officer has prepared an Addendum to the defendant's Presentence Report (Docket Entry No. 529), which was disclosed to Block on April 24, 2008 (Notice of Eligibility for Sentence Reduction, Docket Entry No. 530), to which Block has not responded.

Block was convicted of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846. Based on his total offense level of 31 and his criminal history category of IV the court calculated his guideline range as 151 to 188 months and sentenced him to 160 months in prison. Application of the retroactive crack cocaine sentencing guidelines would result in a total offense level of 29, which, with a criminal history category

of IV, would result in a guideline range of 121 to 151 months in prison.

In determining whether, and to what extent, a reduction in the defendant's term of imprisonment is warranted pursuant to § 3582(c)(2) and Guideline § 1B1.10 the court is to consider the statutory factors set forth in 18 U.S.C. § 3553(a). Among the statutory factors set forth in § 3553(a) are the need to provide adequate deterrence and to protect the public from further crimes by the defendant. Before the instant offense Block had an extensive criminal history.

Guideline § 1B1.10, application note 1(B)(iii), states that the court may also consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining whether and to what extent a reduction in sentence is warranted. The Addendum to Block's Presentence Report reflects that the Bureau of Prisons has sanctioned him for a number of disciplinary violations since his incarceration. After carefully considering all of the relevant criteria, the court concludes that Block is entitled to a reduction of nine months in his term of imprisonment.

Accordingly, defendant's Motion for Resentencing Pursuant to 18 U.S.C. § 3582(c)(2) (Docket Entry No. 527) is **GRANTED**. The Probation Office is requested to prepare an order reducing Block's sentence to 151 months in prison. The other conditions imposed in the original Judgment including the length and terms of supervised

release, the amount of the fine, and the amount of the special assessment will remain in effect.

The Clerk will provide copies of this Order to the parties and to the United States Probation Office.

**SIGNED** at Houston, Texas, on this the 2nd day of July, 2008.

SIM LAKE
UNITED STATES DISTRICT JUDGE